NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-1986

_____

JASON GRISBY,

Appellant

v.

C.O. 1 MCBETH

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-17-cv-00243)
District Judge:  Hon. Sylvia H. Rambo

_____

Argued
March 25, 2020

Before:  JORDAN, RESTREPO, and FUENTES, *Circuit Judges.*

(Opinion Filed:  April 17, 2020)

_____

Matthew D. Forbes          [ARGUED]
Debevoise & Plimpton
919 Third Avenue
New York, NY 10022
     *Counsel for Appellant*

J. Bart DeLone
Sean A. Kirkpatrick          [ARGUED]
Office of Attorney General of Pennsylvania
Strawberry Square
Harrisburg, PA 17120
     *Counsel for Appellee*

—————————

OPINION[*]

—————————

JORDAN, *Circuit Judge*.

Jason Grisby is a prisoner who claims to require vegetarian food because of his religious beliefs. He alleges that when he requested a vegetarian meal from correctional officer Brent McBeth, he was rudely denied. According to Grisby, when he threatened to go to McBeth's supervisors, McBeth retaliated by filing a false misconduct report against him. Grisby filed a civil rights suit in the United States District Court for the Middle District of Pennsylvania, and that Court granted summary judgment against him for failing to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"). But because there are genuine disputes of material fact regarding whether administrative remedies were available to him, we will vacate and remand.

## I. BACKGROUND

On March 2, 2015, Grisby contends that he received a standard meal tray rather than the vegetarian meal tray he required. After he complained to McBeth, McBeth issued a misconduct citation accusing Grisby of refusing an order to return his meal tray. Grisby believes that the citation was false and issued in retaliation for his meal complaint. Two days later, a prison hearing examiner dismissed the misconduct charge because it

———————————

[*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

was not signed by McBeth's supervisor. McBeth then reissued the citation, this time with the requisite signature.

A disciplinary hearing was held on the misconduct charge. Grisby provided a written statement but did not appear in person. His statement declared that the misconduct citation was "written out of retaliation because" he was going to file a grievance against McBeth as a result of the food tray dispute. (App. at 115.) The hearing examiner, however, credited the veracity of McBeth's report over Grisby's statement and found the misconduct charge was justified by a preponderance of the evidence.

Grisby appealed the adverse decision the same day, pursuant to DC-ADM-801, which is the prison regulation governing the processing of disputes related to misconduct. The first level of appeal was handled by the prison's Program Review Committee ("PRC"), which has the authority to modify a punishment, vacate a decision, or dismiss a charge. The PRC found that the record supported the decision of the hearing examiner and denied the appeal.

Grisby says he did not receive word of the denial until one month later. In his account, once he received notice of the denial, he promptly filed a further appeal to the superintendent of the prison. The superintendent upheld the decision and noted that the PRC's "response was completed within seven business days[]" from when it received the appeal. (App. at 105.) Grisby did not appeal that decision, even though one further level of review was available under DC-ADM-801. Nor did Grisby ever file any grievances under DC-ADM-804, which sets forth the prison's grievance process for disputes not involving misconduct.

3

Grisby then filed the present pro se civil rights suit against McBeth in the United States District Court for the Middle District of Pennsylvania, invoking 42 U.S.C. § 1983 and seeking damages for alleged violations of his First Amendment rights. McBeth filed a motion to dismiss or, in the alternative, for summary judgment, alleging that Grisby had failed to exhaust his administrative remedies. The District Court construed the motion as one for summary judgment and granted it, after concluding that Grisby had not completed the exhaustion requirements.

Grisby now appeals.

## II.    DISCUSSION

The PLRA provides that no prisoner can bring a civil rights suit under § 1983 "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Exhaustion is thus a non-jurisdictional prerequisite to an inmate bringing suit[.]" *Rinaldi v. United States*, 904 F.3d 257, 265 (3d Cir. 2018). We evaluate whether a prisoner has met that exhaustion prerequisite by analyzing his compliance with the prison's specific grievance processes. We also assess whether those processes were actually "available" to the prisoner. *Id*.

Grisby argues that neither DC-ADM-801 nor DC-ADM-804 were legally "available" to him within the meaning of the PLRA. [1] And McBeth concedes that there

---

[1] We note that there is a serious question whether, beyond the facts of this specific case and as a legal matter, DC-ADM-801 and DC-ADM-804 are available to prisoners as a method to grieve retaliation claims, including claims that a misconduct citation was issued as an unlawful retaliation. Counsel for McBeth, both in briefing and during oral argument, repeatedly emphasized that DC-ADM-804 provides a viable path to grieve a retaliation claim. There is, nevertheless, uncertainty regarding the interpretation of DC-

4

are at least material issues of fact regarding the availability of administrative remedies in this case; hence the need for remand.

### A.      DC-ADM-801

In *Shifflet v. Korszniak*, 934 F.3d 356 (3d. Cir. 2019), we held that an administrative remedy is rendered unavailable once the prison fails to comply with a self-imposed deadline. DC-ADM-801 provides that the PRC must respond to an appeal "within seven working days of receipt of an appeal." DC-ADM-801 § 5(A)(8).

Here, it is unclear if in fact an administrative remedy was made unavailable to Grisby. Grisby's appeal to the PRC is dated March 19, 2015. The PRC issued its decision on April 10, 2015, well outside the seven-day period. The District Court, not having had the benefit of *Shifflet*, did not make any findings on the reasons for what appears to be the PRC's tardiness. Both parties agree that, at minimum, vacatur and remand is thus necessary.[2]

### B.      DC-ADM-804

DC-ADM-804 is the prison's generalized grievance procedure. It allows prisoners to obtain "compensation or other legal relief normally available from a court[.]" DC-ADM-804 § 1(A)(12)(d). It is undisputed that Grisby did not avail himself of this

---

ADM-801 and DC-ADM-804 and their interaction, if any, when it comes to retaliation claims. The District Court did not address the parties' arguments in this regard, and we leave it to that court in the first instance to decide the issue.

[2] Grisby's allegations regarding retaliation appear to have gone unacknowledged throughout this process. The merits of those allegations will need to be fully addressed on remand.

process, and so failed to exhaust those administrative remedies. But the parties agree that there is a dispute of material fact regarding whether prison officials rendered the grievance process unavailable to him.

Grisby alleges that prison officials maintain a policy of rejecting all grievances that "even mention[] a misconduct[.]" (App. at 165.) If that is true, that would indeed render the remedy unavailable to him. *See Brown v. Croak*, 312 F.3d 109, 112-13 (3d Cir. 2002) (stating that relying on erroneous instructions from prison officials renders the DC-ADM-804 process unavailable). The absence of any finding of fact by the District Court on that important issue also requires that we vacate and remand.

## III. CONCLUSION

For the foregoing reasons, we will vacate and remand.[3]

---

[3] Because we conclude that remand is necessary, we need not address Grisby's argument that the District Court erred by treating McBeth's motion as one for summary judgment without allowing Grisby to re-plead. We also leave for the District Court to decide in the first instance whether discovery would be appropriate for resolving any factual issues regarding exhaustion. *See Brown*, 312 F.3d at 111-12.